UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY DIANE MOHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | CIVIL COMPLAINT  1:16-cv-10117<br><br>CASE NO.<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes KIMBERLY DIANE MOHAMMAD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 53 year old person residing at 5323 N Paulina Street, Apartment 1, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Over the last many years, Plaintiff has incurred several lines of credit from various stores all issued through Defendant. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. Plaintiff has used the lines of credit to make consumer purchases of household goods and food for herself and family. *See* Exhibit A.

11. Plaintiff takes financial care of her elderly father. Those expenses, as well as her own, have often caused Plaintiff to be late with her payments to Defendant. *Id.*

12. When Plaintiff fails to make timely payments, Defendant engages in placing frequent collection calls seeking payment. *Id.*

13. Plaintiff regularly receives collection calls from Defendant on her cellular, (773) XXX-3373, and residential, (773) XXX-2508, phone numbers. *Id.*

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above phone numbers ending in 3373 and 2508. Plaintiff is and has always been financially responsible for the phone numbers and their services.

15. Defendant calls Plaintiff from a large variety of phone numbers including (614) 212-5298 and (614) 212-7531. *Id.*

16. Upon information and belief, Defendant uses the above phone numbers ending in 5298 and 7531, as well as many others, during its collection activity towards consumers in Illinois.

17. When Plaintiff answers calls from Defendant, she experiences a noticeable pause, approximately four seconds in length, before a live representative begins to speak. *Id.*

18. During other answered calls, Plaintiff has been greeted with a recorded message prior to a live representative coming on the line. *Id.*

19. After falling behind on her payments in late 2015, Defendant placed a litany of collection calls to Plaintiff's cellular phone throughout November and December. *Id.*

20. Defendant's collection calls have continued into 2016 despite Plaintiff's efforts to remain current on her payments. *Id.*

21. In September 2016, after again falling behind on her payments, Defendant started calling Plaintiff's cellular phone on a daily basis. *Id.*

22. Plaintiff has received as many as eight phone calls a day to her cellular phone from Defendant. *Id.*

23. In response to the daunting call volume, Plaintiff instructed Defendant to stop contacting her on least two occasions during September 2016. However, despite her requests, Defendant has continued to call Plaintiff's cellular phone on a daily basis. *Id.*

24. Defendant's continued and persistent collection calls have caused Plaintiff a great deal of stress. *Id.*

25. In response to Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Seeking to stop the calls from Defendant, Plaintiff has expended money and purchased an applications on her cellular phone to block its phone numbers. However, because Defendant utilizes a variety of phone numbers, the calls have continued. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

30. Plaintiff's job performance has been negatively impacted by Defendant's actions. *Id.*

31. Plaintiff has suffered concrete harm as a result of Defendant's actions

.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

4

34. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The four second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used to generate them. Plaintiff also received calls from Defendant featuring a recorded message. The extreme frequency and nature of Defendant's calls, strongly suggests that a predictive ATDS was being utilized. Finally, Defendant's use of a variety of phone numbers was done with the purpose of increasing the likelihood of Plaintiff answering.

35. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands for it to stop calling.

36. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIMBERLY DIANE MOHAMMAD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS
CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

40. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

41. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

42. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, systematically calling as many as eight times during the same day. Some of Defendant's calls were in extreme proximity to one another and placed with the hope that Plaintiff would be compelled to make payment. Defendant ignored Plaintiff's prompts to cease its communications and continued to seek payment from her.

43. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against

6

such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

45. As pled in paragraphs 24 through 31, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KIMBERLY DIANE MOHAMMAD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 27, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com